UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

J.B.,

                Plaintiff,        **DECISION AND ORDER**

v.                                    **Case No. 1:21-cv-786-LJV-JJM**

CHAUTAUQUA COUNTY, *et al.*,

                Defendants.

---

Before the court is plaintiff J.B.'s "Motion pursuant to Fed. R. Civ. P. 15(a) and 16(b), permitting modification of Case Management Order and amendment to the Complaint" [21].[1] Having reviewed the parties' submissions [21-26, 29] and heard oral argument on August 17, 2022 [27], for the following reasons the motion to modify the Case Management Order is denied, and the motion to amend the Complaint will not be considered.

## BACKGROUND

On June 29, 2021, J.B. commenced this action in State of New York Supreme Court, County of Chautauqua, as "a revival action pursuant to the New York Child Victims Act, CPLR § 214-g". Complaint [1-1], ¶1.[2] J.B. alleged that "[i]n 1970, when [she] was 9 to 10 years old, [she] was sexually abused by [her] foster father, Mayes, at the foster home. The sexual abuse included fondling and penetration of [her] vagina. There were multiple incident of sexual abuse". Id., ¶30.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Section 214-g revived otherwise time-barred claims for sexual abuse of a minor.

Elsewhere, however, her Complaint referred to an "UNKNOWN FOSTER FATHER" as the "PERPETRATOR". Id., ¶29. She alleged that "the Defendants knew or should have known that PERPETRATOR was unfit, dangerous, and a threat to the health, safety and welfare of the minors entrusted to their care", and that "[w]ith such actual or constructive knowledge, the Defendants provided PERPETRATOR unsupervised access to Plaintiff and gave him the opportunity to commit foreseeable acts of child sexual abuse or assault. Id., ¶¶37, 38.

Following the County's removal of the action to this court based on diversity of citizenship [1], J.B. submitted a Proposed Pretrial Order suggesting a deadline of May 31, 2022 for motions to amend the pleadings. [6] at 7, ¶5. At a scheduling hearing on December 7, 2021 [7], the parties agreed to the deadlines proposed by J.B, and I reminded them that an extension of those deadlines required a showing of good cause. My Case Management Order incorporated the May 31, 2022 deadline for motions to amend pleadings ([8], ¶5), and contained the following warning, in bold type: **"No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that 'a finding of good cause depends on the diligence of the moving party'. Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000)".** Id. at 3.

On May 12, 2022, J.B.'s attorney requested her educational records from the Chautauqua Lake Central School District. [23-2] at 2. Those records were received by fax on May 16, 2022 (Duquin Declaration [23], ¶16), and identified Earl and Donna Ellis as J.B.'s foster parents in 1970. [23-2] at 6, 8. "On June 13, 2022, [J.B.'s] recollection was refreshed during the review of these non-party school records in preparation for her deposition that was

scheduled for June 16. At this time, [J.B.] was able to completely and definitively . . . name Earl Ellis as the perpetrator of her sexual abuse". Duquin Declaration [23], ¶¶17-18. *See also* J.B.'s Affidavit [22], ¶11 ("[i]mmediately upon reviewing the school records my recollection was refreshed . . . . Earl Ellis is the man who sexually abused me").

"[T]he newly discovered facts were disclosed to opposing counsel on June 13, 2022. Defense counsel was advised via a phone call and the records were emailed to him." Duquin Declaration [23], ¶20. J.B. now moves to extend the Case Management Order's May 31, 2022 deadline for motions to amend pleadings, and for leave to file an Amended Complaint substituting the name "Earl Ellis" in place of "Mayes" and "UNKNOWN FOSTER FATHER". *See* [23-1], ¶¶29, 30.

## DISCUSSION

**A.     Is an Amendment Necessary?**

J.B. initially argued that "[a]n amendment of the Complaint is not necessary . . . . The actual name of the perpetrator, the foster father that County placed [her] with, is not necessary to the theory of liability, negligence". Duquin June 14, 2022 e-mail, [25-8] at 2. I disagree. As the County points out, "[t]he amendment to change the abuser from 'Mayes' to 'Earl Ellis' fundamentally alters the substantive claims. The identity of [J.B.'s] abuser is the core piece of information", because the County's "[l]iability is contingent upon knowledge or notice of the specific risk of danger posed by . . . the foster parent". County's Memorandum of Law [25] at 8, 13, *citing* Lillian C. v. Administration for Children's Services, 48 A.D.3d 316 (1st Dept. 2008).

In Lillian C., the court affirmed the grant of summary judgment to the defendant, reasoning that "plaintiffs failed to raise an issue of fact whether defendants had sufficiently specific knowledge or notice of the dangerous conduct which caused injury . . . . It is undisputed that the foster parents had served as foster parents on two prior occasions without any complaints; that during meetings with New York Foundling (NYF) and during office visits with her mother the child made no complaint regarding the foster father's sexual misconduct; that background information was gathered by NYF regarding the foster parents, including fingerprint records, which yielded no criminal records; and that the foster father specifically denied having any prior arrests or convictions". Id. at 317.

Having concluded that the Complaint must be amended in order for this action to continue, I must next decide whether the motion to amend can be considered.

**B.      Has J.B. Established Good Cause to Extend the Deadline for Motions to Amend?**

Although J.B.'s motion refers to Rule 15(a) as well as 16(b), she admits that Rule 16(b) "limits the ability of a party to amend a pleading if the deadline specified in the scheduling order has passed". J.B.'s Memorandum of Law [24] at 5. "Where a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the scheduling deadline has passed, the plaintiff must satisfy *both* [Rules] 15 and 16 to be permitted to amend." Pasternack v. Shrader, 863 F.3d 162, 174, n.10 (2d Cir. 2017) (emphasis added). "[T]hat means that where a schedule has limited the time to amend a complaint, the plaintiff who wants to amend must satisfy Rule 16 by showing 'good cause' to modify the scheduling order." Id.

J.B. admits that "[w]hether good cause exists is for the movant to establish", and that "good cause . . . mean[s] that scheduling deadlines cannot be met despite the party's

diligence". J.B.'s Memorandum of Law [24] at 4. Although she claims that "[t]his Motion is being brought diligently upon discovery of new facts after the Case Management Order's deadline to amend pleadings" (id., emphasis added)), the records identifying Earl Ellis as her foster father were sent to her attorney on May 16, 2022, 15 days *prior* to the May 31 deadline for motions to amend.

While J.B.'s attorney claims that he was out of the country the week of May 16, (Duquin Declaration [23], ¶16), he does not explain why someone else in his firm could not have reviewed the records and discussed them with J.B. in his absence, or why he himself could not have done so upon his return the following week, prior to the May 31 deadline. Although J.B.'s Reply suggests that "[i]t was not until [she] had an opportunity to review these records on June 13, 2022 that her recollection was refreshed" ([26] at 3), "[s]tatements by counsel in briefs are not evidence". SHL Imaging, Inc. v. Artisan House, Inc., 117 F. Supp. 2d 301, 315, n. 6 (S.D.N.Y. 2000). Neither J.B.'s Affidavit [22] nor her attorney's Declaration [23] explain why she and her attorney could not have reviewed the records prior to the May 31 deadline. *See* Allah v. Graham, 2013 WL 76305, *5 (W.D.N.Y. 2013) ("[s]ince Petitioner has offered no explanation for his failure to file . . . in a timely fashion, he cannot fulfill his burden of roof").

"A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 197 (S.D.N.Y. 2014). Since it is undisputed that J.B.'s attorney received the records identifying Earl Ellis as J.B.'s foster father in advance of the May 31 deadline, both he and J.B. are deemed to have been aware of their contents. See Price v. Concourse Super Service Station, Inc., 32 Misc. 2d 349, 356 (Sup. Ct. 1961) ("if he did not read [the records] when he received [them], he and his client[ ] are

nonetheless chargeable with knowledge of [their] contents as of the date of receipt"); Burns v. Imagine Films Entertainment, Inc., 165 F.R.D. 381, 390 (W.D.N.Y. 1996) (same).

Although J.B. argues that "[t]here is no conceivable prejudice to Defendant at this stage" (J.B.'s Memorandum of Law [24] at 5), the County disagrees. See County's Memorandum of Law [25], Point III. In any event, "the absence of prejudice to the non-moving party does not satisfy the good cause requirement". Rupp v. City of Buffalo, 328 F.R.D. 69, 71 (W.D.N.Y. 2018); 3 Moore's Federal Practice § 16.14[1][b] (Mattthew Bender 3d ed. 2022) ("The existence or degree of prejudice to the party opposing the modification may supply an additional reason to deny a motion to modify a scheduling order, but it is irrelevant to the moving party's exercise of diligence and does not show good cause"). "A lack of diligence is therefore reason alone to deny leave to amend." International Technologies Marketing, Inc. v. Verint Systems, Ltd., 850 F. App'x 38, 43 (2d Cir. 2021) (Summary Order).[3]

## CONCLUSION

"[T]he application of Rule 16(b)'s good-cause standard is not optional." In re National Prescription Opiate Litigation, 956 F.3d 838, 843 (6th Cir. 2020). Since J.B. has failed to demonstrate good cause to extend my Case Management Order's deadline for motions to amend pleadings, her motion for an extension [21] is denied.[4] Accordingly, her motion to amend

---

[3] Prior to making this motion, J.B.'s attorney claimed that he was told by the County's attorney that the County would not oppose a motion to extend the deadlines of the Case Management Order. See June 14, 2022 e-mail [25-8] at 3. However, he did not cite that factor in making this motion, nor could he - for "absent good cause, defendant's consent is irrelevant". Rupp v. City of Buffalo, 328 F.R.D. 69, 71 (W.D.N.Y. 2018).

[4] A "magistrate judge's ruling concerning amendment of [a] scheduling order is nondispositive". Pigott v. Sanibel Development, LLC, 2008 WL 2937804, *3 (S.D. Ala. 2008); Arnold v. Krause, Inc., 232 F.R.D. 58, 65 (W.D.N.Y. 2004), adopted, 233 F.R.D. 126 (W.D.N.Y. 2005).

her Complaint will not be considered. *See* Kantsevoy v. LumenR LLC, 301 F. Supp. 3d 577, 589 (D. Md. 2018) ("when a movant fails to satisfy Rule 16(b), the court need not consider Rule 15(a)").

Dated: September 1, 2022

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge